IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tuval Ogendee McKoy, #14534-056, )
)
          Petitioner, )
) Civil Action No. 1:12-2441-SB
v. )
) **ORDER**
Mildred Rivera, Warden, )
)
          Respondent. )
                                 )

This matter is before the Court upon the Petitioner's pro se action filed pursuant to 28 U.S.C. § 2241, in which he seeks relief pursuant to the holdings in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73,02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On November 30, 2012, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("R&R"), finding that the instant section 2241 petition is barred because the Petitioner has failed to satisfy the "savings clause" of section 2255(e) and show that section 2255 is inadequate or ineffective. Specifically, the Magistrate Judge noted that the Fourth Circuit has already held that Simmons and Carachuri-Rosendo are not retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554, 558-60 (4th Cir. 2012).



Attached to the R&R was a notice advising the Petitioner of his right to file specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, it is hereby

**ORDERED** that the R&R (Entry 16) is adopted and incorporated herein, and this case is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Sol Blatt, Jr.
Senior United States District Judge

December _19_, 2012
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that: "(c)(2) A certificate of

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," and "(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253( c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484,(2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In this case, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.

