IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tuval Ogendee McKoy, #14534-056, )
)
    Petitioner, )
) Civil Action No. 1:12-2441-SB
v. )
) **ORDER**
Mildred Rivera, Warden, )
)
    Respondent. )
_____ )

This matter is before the Court upon the Petitioner's motion to reopen his prior section 28 U.S.C. § 2241 petition pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the Court denies the Petitioner's motion.

## BACKGROUND

The Petitioner was convicted in North Carolina of various drug offenses, firearms offenses, and three counts of wire fraud, and he was sentenced on March 8, 1994. His convictions and sentences were affirmed on direct appeal, and the United States Supreme Court later denied discretionary appellate review. United States v. Morsley 64 F.3d 907 (4th Cir. 1995), *cert. denied* McKoy v. United States, 516 U.S. 1065 (1996). In 1997, the Petitioner filed his first motion pursuant to 28 U.S.C. § 2255, which the district court denied on November 21, 1997. See McKoy v. United States, No. 5:97-315 (E.D.N.C.). The Fourth Circuit denied a certificate of appealability and dismissed the subsequent appeal. See United States v. McKoy, 139 F.3d 895 (4th Cir. 1998). On June 5, 2001, the Petitioner sought authorization from the Fourth Circuit to file a successive section 2255 motion, but the Fourth Circuit denied the request. In re McKoy, No. 01-847 (4th Cir. June 25, 2001). On August 9, 2012, the Petitioner filed a motion to reduce his sentence pursuant to 18

U.S.C. § 3582(c)(2) based on the retroactive amendment of the sentencing guidelines for cocaine offenses, but the district court denied the motion. Then, on June 20, 2012, the Petitioner filed another section 2255 motion based on the cases of DePierre v. United States, 131 S.Ct. 2255 (2011), Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Petitioner again sought authorization from the Fourth Circuit to file a second section 2255 motion, but the Fourth Circuit denied his request. In re McKoy, No. 12-310 (4th Cir. Oct. 1, 2012). On June 2, 2014, and June 18, 2014, the Petitioner filed additional motions under section 2255 based on Alleyne v. United States, 133 S.Ct. 2151 (2013) and Descamps v. United States, 133 S.Ct. 2276 (2013). On May 22, 2015, the district court found that the Petitioner's recent section 2255 motions were barred as successive under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See McKoy v. United States, 2015 WL 3952337 (May 22, 2015 E.D.N.C.).

On August 23, 2012, the Petitioner filed this action pursuant to 28 U.S.C. § 2241, also seeking relief pursuant to Simmons and Carachuri-Rosendo. The Magistrate Judge issued a report and recommendation ("R&R") on November 30, 2012, finding that the petition was barred based on the Petitioner's failure to satisfy the savings clause of section 2255(e) and show that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Attached to the R&R was a notice advising the Petitioner of his right to file written objections to the R&R, but he failed to do so. Accordingly, on December 19, 2012, the Court adopted the R&R and dismissed this action.

On May 12, 2015, the Petitioner filed a motion to reopen this action, asserting that the Court's decision to dismiss his section 2241 petition is "void" pursuant to Rule 60(b)(4)

of the Federal Rules of Civil Procedure. In his motion, the Petitioner again argues that he is entitled to relief pursuant to Simmons and Carachuri-Rosendo.

## DISCUSSION

Rule 60(b)(4) of the Federal Rules of Civil Procedure allows a district court to vacate an otherwise final order only if "the judgment is void." Fed. R. Civ. P. 60(b)(4). An order is void for purposes of Rule 60(b)(4) only if the court rendering the decision lacked subject matter jurisdiction. United States v. Hartwell, 448 F.3d 707, 722 (4 th Cir. 2006). The Fourth Circuit Court of Appeals narrowly construes Rule 60(b)(4) precisely because of the threat to finality of judgments. Thus, "only when the jurisdictional error is egregious will the courts treat the judgment as void." Id.



As an initial matter, the Court notes the Petitioner's reliance on Rule 60(b)(4) is misplaced, as the Court already dismissed this action for lack of jurisdiction. As the Magistrate Judge noted in the R&R, a prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4 th Cir. 2014) (quoting 28 U.S.C. § 2255(e)). If a federal prisoner brings a section 2241 petition that does not fall within this so-called "savings clause," then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction," which is exactly what this Court did. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Next, the Court finds no error sufficient to warrant the Petitioner's requested relief. In short, the arguments raised by the Petitioner and the cases he relies on simply do not alter the Court's earlier finding that the savings clause of section 2255(e) does not confer jurisdiction for the Court to consider the Petitioner's claims under section 2241. See United

States v. Surratt, No. 14-6851, 2015 WL 4591677 (4th Cir. July 31, 2015) (finding that a prisoner whose mandatory life sentence was based on improperly-characterized predicate convictions could not obtain habeas relief under section 2241, and noting that Simmons did not decriminalize any part of the prisoner's underlying conduct).

Based on the foregoing, it is hereby

**ORDERED** that the Defendant's motion to reopen this case (Entry 24) is denied.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

August 6, 2015
Charleston, South Carolina

#4